BY THE COURT.
The mode of receiving a verdict and of permitting non suits, is mere matter of practice, for our own courts to-establish; in this they are not necessarily governed by the practice in other states or countries. Here there was no offer to enter a non suit, nor asking for leave, but a mere giving of notice by the plaintiff, that if called he should not answer, but submit to a non 384] *suit. He was not called or non suited, and be now complain» that he was not. The right to demand daily, and to enforce a non-suit for non aj>pearance, does not seem to us to bear much upon the-question; but this matter is not before us. It is presented only on the certificate of the clerk of the Common Pleas, instead of being placed on the record by bill of exception. We do not see anything, illegal in the receipt, or entry of the verdict.
The omission to find the value of the property tendered, we will advise ujjon.
The cause was taken under advisement to Medina county, and there decided by Judges Wright and Wood.
BY THE COURT. The finding of the jury is for the defendant that he tendered, as in the notice. The law, 29 O. L. 121, provides that if the jury in such cases find that the defendant did tender, they shall assess the value of the property tendered, upon which judgment shall be rendered for the amount against the defendant, without interest or costs, unless the defendant forthwith perform his contract,, or satisfy the court that he will perform as it may order, and if that is done there shall be judgment for the defendant. The judgment here was for -the defendant for costs, y'et he has .the property ten *393 dered, without delivery, or order, or the value found. We think the judgment erroneous, and it is reversed and remanded for further proceedings.